AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Delaware

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 17-251 M
three cell phones, described more particularly on )
Attachment A )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of ____Delaware____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Atachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 UCS 1951 | Hobbs Act Extortion |

The application is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SA Garret M. Kerley, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/22/2017

_____
*Judge's signature*

City and state: Wilmington, Delaware      Honorable Sherry R. Fallon, U.S. Magistrate Judge
*Printed name and title*

Attachment A

Three cellular telephones, each in the custody of the FBI at its offices in Wilmington, Delaware, and described more particularly as follows:

1. LG Verizon cell phone; model number LG-VS415PP; S/N: 501CQJZ0963996; MEID HEX: A100003ED03E5C. Its assigned telephone number was 470-201-8510.

2. LG Verizon cell phone; model number LG-VS415PP; S/N: 501CQGW0964031; MEID HEX: A100003ED03E7F. Its assigned telephone number was 470-201-8534.

3. Samsung Galaxy S-5 cell phone; model number SM-G900T; IMEI: 353682/06/135514/3; S/N: R38F803XWGX; (1) 8GB SD card (1) T-Mobile SIM card. Its assigned telephone number was 302-887-0072.

**Attachment B**

**Particular Things to be Seized**

All incoming and outgoing data stored in the three cell phones listed in Attachment A and their memory cards that relates to Hobbs Act extortion under color of official right, Title 18, United States Code Section 1951, involving the smuggling of a cell phone into the Delores J. Baylor Women's Correctional Center by Correction Officer Lorraine Y. Mosley. The digital form of this data is to include information of communications between and among the three referenced cell phones and also the cell phone assigned telephone number 302-241-7282 to include the following:

a.  Telephone calls, including two calls occurring on March 26, 2015, at 10:07:10 P.M. (32 seconds) and 11:00:28 P.M. (one minute, 27 seconds)

b.  Names, telephone numbers, user names, and other identifying information

c.  Images and other visual depictions.

d.  Text and voice mail messages.

e.  Passwords

Also, this data is to include evidence of user attribution, demonstrating who used the cellular telephones at the time data contained therein was created, edited, or deleted, such as logs, names, and topical content.

## CRIMINAL COMPLAINT AFFIDAVIT

I, Garret M. Kerley being duly sworn, depose and state:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") assigned to the Wilmington, Delaware Resident Agency. I have been a Special Agent since March 9, 2003.

### Purpose of Complaint

2. By way of background, the FBI and the Delaware Department of Corrections ("DE-DOC") conducted a joint investigation to combat corruption within DE-DOC facilities.

3. This affidavit is in support of a search warrant to search three cell phones, described more particularly on Attachment A, ("the three phones"), relating to the investigation and prosecution of Lorraine Y. Mosley, who is charged by Indictment (*United States v. Lorraine Y. Mosley*, Crim. Action No 17-18 LPS) with conspiracy to commit extortion under color of official right, in violation of 18 U.S.C. 1951. SA Joaquin Balaguer was the original FBI case agent. He has been reassigned to FBI headquarters and I now am the case agent. This affidavit is based upon the investigative information left me by SA Balaguer, as well as on the investigation conducted by other coordinating law enforcement agencies. Because this affidavit is submitted for the limited purpose of supporting an application for a search warrant, I have not included every fact that I know concerning this investigation. I have set forth only the facts I believe are necessary to establish probable cause to believe that a search of the three phones will produce evidence of violations of Hobbs Act extortion, in violation of Title 18, United States Code, Section 1951(a).

4. The Hobbs Act, at Title 18, United States Code, Section 1951(a) provides, in relevant part: "Whoever in any way or degree...affects commerce or the movement of any article or commodity in commerce, by ... extortion or attempts or conspires to do so [is guilty of a crime.]" Subsection (b)(2) reads, in part: "The term 'extortion' means the obtaining of

1

property from another, with his consent, ... under of color of official right." "[W]hen proceeding under a 'color of official right' theory, the 'misuse of public office' is said to supply the element of coercion." *United States v. Manzo*, 636 F.3d.56, 65 (3d. Cir. 2011). Accordingly, the Hobbs Act is necessarily violated when a corrections officer or other trusted prison employee smuggles into a prison for an inmate, in return for a bribe, a cell phone that has moved in interstate commerce.[1] *See United States v. French*, 628 F.2d 1069 (8th Cir. 1980) (city marshal in obtaining fee for himself personally as quid pro quo for refraining from collecting full amount from surety on default of bail bonds committed Hobbs Act extortion); *United States v. Braasch*, 505 F.2d 139 (7th Cir. 1974) (police vice squad members properly convicted of Hobbs Act extortion where they used the power and authority vested in them to obtain money from bar owners in return for not enforcing the law).

## Statement of Probable Cause

5. On or about June 1, 2015, at the Delores J. Baylor Women's Correctional Institution ("WCI"), Correction Officers seized a cell phone that had been smuggled into the prison ("the smuggled phone"). WCI investigators examined the smuggled phone, described as LG Verizon cell phone; model number LG-VS415PP; S/N: 501CQJZ0963996; MEID HEX: A100003ED03E5C. It was assigned telephone number 470-201-8510. Through its logged incoming/outgoing telephone numbers, WCI investigators traced the smuggled phone to a certain WCI inmate ("the inmate"). (All WCI inmates musts list with prison staff the telephone numbers of friends and family with whom the inmates want to have telephone conversations on prison phones. In the instant matter, the telephone numbers in the smuggled phone's logs matched the numbers on file with WCI for the inmate's family and friends.)

---

[1] Your affiant knows that there are no cell phone manufactures in Delaware.

2

6. On or about June 4, 2015, WCI officials interviewed the inmate, who provided the following information: Correction Officer ("CO") Lorraine Mosley smuggled the cell phone into WCI and delivered it to her, the inmate, in return for $100. Sometime in May 2015, the inmate gave to her associate ("the inmate's associate") CO Mosley's personal cell phone number and asked the inmate's associate to meet CO Mosley outside WCI and deliver to CO Mosley $100 cash and a cell phone, which CO Mosley then would smuggled into WCI for the inmate. The inmate's associate did as requested and on or about May 27, 2015, CO Mosley called her, the inmate, over to the entrance of a staff bathroom and told her that the smuggled cell phone was hidden inside the toilet paper container. She then went into the bathroom, found the smuggled cell phone in the toilet paper container, and took the cell phone from the bathroom.

7. Also on or about June 4, 2015, WCI investigators observed video surveillance of the WCI for May 27, 2015, specifically the video depicting the door to the relevant staff bathroom. The video corroborates the inmates explanation about her retrieval of the smuggled cell phone from the WCI staff bathroom:

   a. 7:35:28 A.M. – CO Mosley is observed entering the staff bathroom and closing the door behind her.

   b. 7:39:02 A.M. – CO Mosley is observed opening the bathroom door, standing in the entrance of the bathroom, and looking out into the nearby dining area in the general direction where the inmate is located.

   c. 7:39:16 A.M. – The inmate walks into the bathroom, as CO Mosley stands in the doorway and appears to say something to the inmate as she walks past CO Mosley.

   d. 7:39:37 A.M. – The inmate walks out of the bathroom.

8. Also on or about June 4, 2015, at WCI, investigators interviewed with the inmate's associate, who visited WCI that day to see the inmate. The inmate's associate provided the following information: At the inmate's request, she met with CO Mosley, still in uniform, at a Wawa store in Dover, Delaware, on or about May 26, 2015, and delivered to CO Mosley $100 and a cell phone, knowing CO Mosley would keep the money and smuggle the cell phone into WCI for the inmate. Before meeting with CO Mosley, she bought two cell phones at Walmart. One phone was to become the smuggled phone: the other phone ("the second Walmart phone") was to be used by her to communicate with the smuggled phone. Prior to giving the smuggled phone to CO Mosley, she used the second Walmart phone to place a telephone call to the smuggled phone to make sure the two phones were working. She used her long-time personal cell phone ("the associate's personal phone") to place calls to CO Mosley's personal phone, arranging for the referenced meeting at the Dover Wawa. (In conjunction with this interview, the inmate's associate consented to retrieve from her car and give to investigators the second Walmart phone and the associate's personal phone.

9. Also on or about June 4, 2015, WCI investigators examined the second Walmart phone, described as LG Verizon cell phone; model number LG-VS415PP; S/N: 501CQGW0964031; MEID HEX: A100003ED03E7F. Its assigned telephone number was 470-201-8534. Among its logged outgoing telephone numbers was the telephone numbers assigned to the smuggled phone. WCI investigators similarly examined the associate's personal phone, described as a Samsung Galaxy S-5 cell phone; model number SM-G900T; IMEI: 353682/06/135514/3; S/N: R38F803XWGX; one 8GB SD card; and one T-Mobile SIM card. Its assigned telephone number was 302-887-0072. Among its logged incoming/outgoing calls were two calls to CO Mosley's personal cell phone number – 302-241-7282. (CO Mosley listed with WCI staff her personal cell phone number for purposes

of being contacted while off-duty to report for overtime work.) More specifically, the call log of the associate's personal phone reflects that on May 26, 2015, it placed two outgoing telephone calls to CO Mosley's phone number. This information is independently confirmed by telephone company toll records for the associate's personal cell phone which reflect these same two outgoing calls, occurring on March 26, 2015, at the following times:

    **a.** 10:07:10 P.M. (32 seconds) and

    **b.** 11:00:28 P.M. (one minute, 27 seconds).

10. The United States submits that a search warrant is not essential to a lawful search of the three cell phones. As to the smuggled phone, no person could claim an expectation of privacy in a cell phone smuggled into a prison: as to the two cell phones given to investigators by the inmates associate, no search warrant is required because the inmate's associate consented to the search of her two phones. However, SA Balaguer, FBI, the former case agent, wanted the three phones search by a forensic expert, specifically, the Delaware State Police, Hi-Tech Crimes Unit. It, in turn, advised that out of an abundance of caution it would not conduct that search without a search warrant. Accordingly, on August 8, 2015, SA Balaguer obtained from this Court a Search Warrant (Case No. 15-110 M) to search the three phones. (The search warrant authorized the search of 23 cell phones. Twenty of the phones were smuggle cell phones seized at the J.T. Vaugh Correctional Center, in Smyrna Delaware.) Sometime afterwards, SA Balaguer delivered the relevant phones and the search warrant to the Hi-Tech Crimes Unit. However, it declined to do the searches because it deemed that too much time had lapsed between the issuance of the search warrant and the delivery of the 23 phones. The Hi-Tech Crimes Unit advised that it would search the three phones if a timelier search warrant were issued. Accordingly, your affiant seeks the instant search warrant.

11. Based on the information contained in this affidavit, your affiant believes that probable cause exists that the three cell phones, described more particularly on Attachment A, contain evidence, described more particularly on Attachment B, of violations of Title 18, United States Code, Section 1951(a) – Hobbs Act extortion under color of official right.

*SA Garret M Kerley, FBI*

Sworn to and subscribed before me this 22nd day of December, 2017.

*Honorable Sherry R. Fallon*
*United States Magistrate Judge*